UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Mark Edelstein,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　-v-<br><br>U.S. Post Office, Garden City Branch,<br><br>　　　　　　　　　　Defendant. | | 2:24-cv-1884<br>(NJC) (ST) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

　　Before the Court is a motion to proceed in forma pauperis ("IFP") filed by pro se Plaintiff Mark Edelstein ("Edelstein") in relation to his Complaint against the U.S. Post Office, Garden City branch ("USPO" or "Defendant"). (IFP Mot., ECF No. 2; Ltr., ECF No. 6; Compl., ECF No. 1.) For the reasons that follow, the Court grants the IFP motion and dismisses the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

**BACKGROUND**

　　On March 6, 2024, Edelstein filed a Complaint against the USPO together with a motion to proceed IFP. (Compl., ECF No. 1; IFP Mot., ECF No. 2.) On April 15, 2024, Edelstein supplemented his IFP motion. (Ltr., ECF No. 6.) Edelstein's Complaint is submitted on the Court's general complaint form and seeks to recover $779 from the USPO for the alleged improper processing of a money order for $682, which Edelstein purchased on September 1, 2023 at the USPO. (Compl., ECF No. 1 at 6–7.) Although Edelstein checked the box on the form complaint to invoke this Court's federal question subject matter jurisdiction, he has left blank the space that calls for the "specific federal statutes, federal treaties, and/or provisions of the United

States Constitution that are at issue." (*Id*. at 4.)

According to the Complaint, Edelstein mailed the money order to Teachers Federal Credit Union ("TFCU") as payment towards his VISA card balance. (*Id*. at 7.) In or about mid-September, Edelstein requested that the USPO stop payment on the money order on the basis that TFCU had not received it. (*Id.*) According to the Complaint, the USPO provided a replacement money order and stopped payment on the replacement rather than the original money order. (*Id.*) Edelstein alleges that he sent a letter to the Post Master General on November 30, 2023, after learning that the USPO claimed that "the money order is fictitious" or had been "altered" and/or "cashed." (*Id.* at 8.) Further, Edelstein alleges that he "has filed form 6401 as required by the U.S. Post Office."[1] (*Id.*)

Annexed to the Complaint is a copy of the letter dated November 30, 2023 from Edelstein to Louis DeJoy, U.S. Post Master General ("DeJoy"). (*Id*. at 11.) Also annexed to the Complaint is a copy of another letter from Edelstein to DeJoy concerning the money order. (*Id*. at 12.) This letter, dated January 5, 2024, states that "the Post Office never delivered the credit card invoice and money order" but that "[t]o the best of [Edelstein's] knowledge there was no theft or fraud. The Post Office simply failed to deliver the mail." (*Id.*)

## LEGAL STANDARDS

### I.      In Forma Pauperis

Upon review of Edelstein's IFP application (IFP Mot.), the Court finds that Edelstein is qualified by his financial status to commence this action without the prepayment of the filing fee. Therefore, the application to proceed IFP is granted.

---

[1] The Court understands this to refer to the PS Form 6401 Money Order Inquiry. *See De Perez v. U.S. Post Off.*, No. 13-CV-2442 DLI, 2013 WL 2146918, at *2 n.1 (E.D.N.Y. May 16, 2013).

2

## II. Sufficiency of the Pleadings

A district court must dismiss a complaint filed by a plaintiff proceeding in forma pauperis if the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i–iii). The court "shall" dismiss the action as soon as it makes such a determination. *Id*. At the pleading stage, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–80 (2009)), *aff'd*, 569 U.S. 108 (2013).

This Court is required to construe pleadings "filed by *pro se* litigants liberally and [to] interpret them to raise the strongest arguments that they suggest." *Hunter v. McMahon*, 75 F.4th 62, 67 (2d Cir. 2023) (quotation marks and citation omitted). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)) (quotation marks omitted).

Nevertheless, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*.; *accord We The Patriots USA, Inc. v. Connecticut Off. of Early Childhood Dev.*, 76 F.4th 130, 144 (2d Cir. 2023), *petition for cert. filed*, No. 23-642 (Dec. 14, 2023).

3

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." *Id.* at 678–79 (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). The factual allegations of a complaint must be sufficient to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotation marks omitted).

If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). If, however, amendment of the complaint would not cure the substantive defects of the claim, leave to amend should be denied. *Id.*

## DISCUSSION

### I.   The Complaint Fails to Name a Proper Defendant

As a threshold matter, Edelstein has not named a proper defendant. Edelstein names the USPO as the sole defendant. (*See* Compl., ECF No. 1 at 1–2.) However, a local post office branch has no independent legal identity permitting it to be sued, and the proper defendant would be the United States Postal Service. *See Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484 (2006) ("Under the Postal Reorganization Act, 39 U.S.C. § 101 *et seq.*, the Postal Service is an independent establishment of the executive branch," empowered "to sue and be sued in its official name." (citing 39 U.S.C. §§ 201, 401(1)) (quotation marks omitted). Accordingly, the Complaint fails to allege a plausible claim as against the USPO and such claim is thus dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)–(ii).

4

Given Edelstein's pro se status and the Court's obligation to liberally construe his Complaint, the Court considers whether the Complaint alleges a plausible claim when construed as against the United States Postal Service ("USPS"). For the reasons that follow, the Court finds that it does not.

## II.     Sovereign Immunity

The doctrine of sovereign immunity "bars federal courts from hearing all suits against the federal government, including suits against any part of the federal government, such as the USPS, except where sovereign immunity has been waived." *Pena v. U.S. Postal Serv.*, No. 1:23-CV-10123 (LTS), 2024 WL 81837, at *1 (S.D.N.Y. Jan. 8, 2024) (citing *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted); *see also Dolan*, 546 U.S. at 484 ("[T]he Postal Service enjoys federal sovereign immunity absent a waiver.").

As noted above, although Edelstein alleges that he is invoking this Court's federal question jurisdiction, he has not included a federal law or cause of action in his Complaint. (*See* ECF No. 1.) Liberally construed, it appears Edelstein's claim arises under the Federal Torts Claim Act ("FTCA"), 28 U.S.C. § 1346. The Court construes Edelstein's FTCA claims as against the United States of America because "[t]he proper defendant in an FTCA claim is the United States." *Pena*, 2024 WL 81837 at *1 (quoting *Holliday v. Augustine*, No. 3:14-CV-0855, 2015 WL 136545, at *1 (D. Conn. Jan. 9, 2015)).

> The FTCA confers jurisdiction on district courts to hear claims
>
> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission took place.

5

28 U.S.C. § 1346(b)(1). The Postal Reorganization Act also provides that the FTCA "shall apply to tort claims arising out of activities of the Postal Service." 39 U.S.C. § 409(c). The FTCA provides a limited waiver of the federal government's sovereign immunity against certain tort claims arising out of the conduct of its employees. *See* 28 U.S.C. § 1346(b)(1); *Devlin v. U.S.*, 352 F.3d 525, 530 (2d Cir. 2003).

The "postal matter exception," however, is an exception to this waiver of sovereign immunity, and preserves sovereign immunity for claims "arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b); *Przespo v. U.S. Post Off.*, 177 F. Supp. 3d 793, 796 (W.D.N.Y. 2016). Indeed, the postal matter exception retains immunity for "injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address." *Przespo*, 177 F. Supp. 3d at 796 (citing *Dolan*, 546 U.S. at 489); *see also Aliev v. U.S. Postal Serv.*, No. 19-CV-1156 (JLS), 2020 WL 1956301, at *2–3 (W.D.N.Y. Apr. 23, 2020) (dismissing claim "for the loss or failed delivery of a package" because it was "squarely within the 'postal matter exception' to the waiver of sovereign immunity").

Here, insofar as Edelstein challenges the alleged failure of the USPS to deliver the money order to the FTCU, such claims are clearly barred by sovereign immunity. *See* 28 U.S.C. § 2680(b); *Przespo*, 177 F. Supp. 3d at 796. Further, any claim based on alleged misrepresentation that the money order was altered or cashed is barred because "[t]he federal government also retained sovereign immunity for '[a]ny claim arising out of . . . misrepresentation.'" *Gildor v. U.S. Postal Serv.*, 179 F. App'x 756, 758 (2d Cir. 2006) (quoting 28 U.S.C. § 2680(h)); *also citing Anglo-American & Overseas Corp. v. United States*, 242 F.2d

6

236, 237 (2d Cir. 1957) (*per curiam*) (both negligent and intentional misrepresentation claims are barred by sovereign immunity)).

Further, even if Edelstein's claims were not barred by sovereign immunity, Edelstein has not exhausted his administrative remedies as required by 28 U.S.C. § 2675(a),[2] thus depriving this Court of subject matter jurisdiction. "The FTCA's exhaustion requirement is jurisdictional, and the burden is on the plaintiff to both plead and prove compliance with the statutory requirements of the FTCA." *Nolen v. U.S. Postal Serv.*, No. 5:11-CV-114, 2013 WL 660153, at *7 (D. Vt. Feb. 22, 2013) (citing *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 210, 214 (2d Cir. 1987) (quotation marks and citation omitted); *see id*. (dismissing claims challenging transmission of money orders for lack of subject matter jurisdiction where, inter alia, plaintiff did not exhaust such claims). Complaints regarding mail delivery by the USPS must first be made to the Postal Regulatory Commission. *See* 39 U.S.C. § 3662 ("Any interested person . . . who believes the Postal Service is not operating in conformance with the requirements of the provisions of [the Postal Reorganization Act concerning postal rates and services], may lodge a complaint with the Postal Regulatory Commission . . . ."); *see also Nolan*, 2013 WL 660153, at *7 ("Courts have held that, pursuant to [29 U.S.C. § 3662], complaints regarding postal delivery

---

[2] This section provides that an

> [a]ction shall not be instituted upon a claim against the United States for money damages for injury or loss of property . . . by the negligent or wrongful act or omission of any employee of the Government while acting in the scope of his office or employment unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . . .

28 U.S.C. § 2675(a).

7

service must be addressed to the Postal Regulatory Commission.") (citing *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 801 (8th Cir. 2006)). Here, Edelstein has not alleged that he has received a final written denial from the Postal Rate Commission. (*See* Compl.)[3] Accordingly, Edelstein has not fulfilled the procedural prerequisites for a suit against the Post Office and his claims here are barred for this additional reason.

### III. Leave to Amend Would be Futile

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (quotation marks and citation omitted). Nevertheless, where amendment of the complaint would not cure the substantive defects of the claim, leave to amend should be denied. *Cuoco*, 222 F.3d at 112; *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014). Here, due to Edelstein's failure to exhaust and the application of sovereign immunity, the deficiency in Edelstein's claim is substantive and could not be cured with better pleading. Accordingly, leave to amend the Complaint would be futile and is thus denied.

### CONCLUSION

For the reasons stated above, this Court grants Edelstein's IFP motion (ECF No. 2) and dismisses the Complaint (ECF No. 1) pursuant to 28 U.S.C. § 1915(e)(2)(B). The Clerk of the Court shall enter judgment accordingly and close this case. The Clerk of the Court shall also mail a copy of this Order to Plaintiff at his address of record and note such mailing on the docket.

---

[3] Nor is it clear that Edelstein has first presented his claim to the appropriate federal agency. The Complaint alleges that Edelstein wrote to the Post Master General and that he filed a PS Form 6401, but it does not allege that he filed a complaint with the Postal Rate Commission. (*See* Compl. at 8.)

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: Central Islip, New York
May 15, 2024

                                                      */s/ Nusrat J. Choudhury*
                                                      NUSRAT J. CHOUDHURY
                                                      United States District Judge